TENNEY *versus* BUTLER *and two others.*

The contending by counsel, in argument to the jury, that a certain position is a principle of law, does not of itself require the Judge to instruct the jury u_ on that point.

ASSUMPSIT, tried before TENNEY, J.  The plaintiff made a claim upon an account against the three defendants, who are alleged to be co-partners.

The plaintiff's counsel, in his argument to the jury, *contended*, that less evidence was necessary to show defendants to be partners, in an action against them, than plaintiffs are required to show, when suing as co-partners ; and that, as the evidence was not in the hands of the plaintiffs, slight evidence should satisfy the jury of the fact of partnership. The jury were instructed, upon this point, that the party, upon whom is the burden of proof to establish a co-partnership of those who are the other party, must satisfy the jury of the existence of such co-partnership.

The plaintiff excepted.

*Herbert* and *Drinkwater*, for the plaintiff.

*Hinckley*, for the defendants.

WELLS, J., orally. — 1. The plaintiff's counsel contends that the Judge did not rightfully instruct the jury as to the amount of evidence necessary to prove that defendants were co-partners, and that less evidence is required to prove a co-partnership among defendants than among plaintiffs in a suit.

But no request was made for instruction on that point. It is only said that the plaintiff's counsel, in his argument to the jury, *contended* for that principle. But that is not equivalent to a request for instruction. The Judge need not instruct upon the point, unless upon a request for instruction.

2. The instruction given was clearly correct. It was no more than that the party, alleging a co-partnership, must prove it to the satisfaction of the jury. The Judge did not say how much evidence they ought to have in order to satisfy them. It was not in his province to say.

*Exceptions overruled.*